**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LEAVION BARNETT,** <br> **Plaintiff,** <br> **v.** <br> **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,** <br> **Defendant.** | ) | **CIVIL ACTION** <br> **No. 07-2464-CM–JTR** |

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). The matter has been referred to this court for a report and recommendation. The court recommends the Commissioner's decision be AFFIRMED.

## I. Background

Plaintiff applied for DIB and SSI in Oct. and Nov. 2002. (R. 197-99, 843-47). In due course a final decision was made denying benefits (R. 32-47), and plaintiff sought judicial review of that decision. Barnett v. Barnhart, No. 05-2295-JWL (D. Kan.

2005). Upon judicial review, the court found: that the reasons given by the Administrative Law Judge (ALJ) for discounting the opinions of plaintiff's treating physicians, Dr. Molos, Dr. Smith, and Dr. Baig, were not supported by substantial evidence in the record as a whole (R. 62-71), but that the ALJ committed no error in evaluating the opinions of the state agency medical consultants. (R. 71-76). The court reversed the Commissioner's decision, and remanded the case for a proper evaluation of the treating physicians' opinions and a determination whether the opinions of the state agency medical consultants outweigh the treating physicians' reports. (R. 75-76); see also (R. 48)(Order adopting the Magistrate Judge's Report and Recommendation).

Upon remand additional medical records were submitted by plaintiff's attorney and a hearing was held. (R. 543-842, 850-87). At the hearing, plaintiff was represented by an attorney, and testimony was taken from plaintiff, from plaintiff's wife, and from a vocational expert. (R. 14, 850, 851). On May 4, 2007, the ALJ issued a decision on remand. (R. 14-27).

In the decision on remand, the ALJ determined plaintiff has not performed substantial gainful activity since his alleged onset date, and that plaintiff has a severe combination of impairments consisting of pancreatitis, hypertension, and a major depressive disorder. (R. 16). He adopted by reference the reasoning of the prior decision and found that plaintiff's

impairments do not meet or equal the severity of any impairment in the Listing of Impairments. (R. 17)(citing Ex. 3A (R. 33)).

The ALJ summarized the record evidence, considered the medical opinions, and assessed plaintiff's residual functional capacity (RFC). (R. 17-21). In making his RFC assessment, the ALJ adopted by reference the discussion of the medical evidence contained in the prior decision (R. 18)(citing Ex. 3A (R. 36-40)), found that the evaluation of the medical opinions of the state agency medical consultants contained in the prior decision was adequate, and adopted that discussion by reference. (R. 21)(citing Ex. 3A/16 (R. 44)). He determined controlling weight could not be given to the treating physician opinions of Dr. Molos, Dr. Smith, and Dr. Baig, accorded "minimal weight" to those opinions, and accorded "far greater weight" to the "objective and clinical findings, diagnostic assessments, and prescribed treatment modalities set forth in [Dr. Baig's] contemporaneous treatment notes of record." (R. 20). He accorded "significant weight" to the "mutually supportive" medical opinions of the state agency medical consultants. (R. 44). He then assessed plaintiff with the RFC for a range of sedentary work. (R. 17).

The ALJ determined plaintiff is unable to perform his past relevant work, but is able to perform jobs existing in significant numbers in the economy. (R. 21-22). Consequently,

he determined plaintiff is not disabled within the meaning of the Act, and denied plaintiff's applications. (R. 22-23).

The Appeals Council declined to assume jurisdiction over the decision on remand (R. 8-10), and plaintiff timely filed a complaint in this court seeking judicial review. (Doc. 1). Briefing proceeded in accordance with local rule, and the case is now ripe for judicial review.

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172

(10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the economy. Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity

since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do no meet or equal the severity of a listing, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520, 416.920. This assessment is used at both step four and step five of the process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the Commissioner erred by failing to accord appropriate weight to the opinions of plaintiff's treating physicians and by failing to include in the RFC assessed any "Practical Ramifications Of [Plaintiff's] Moderate Deficit in Social Functioning." (Pl. Br. 20). The Commissioner argues that the ALJ properly weighed the treating physicians' opinions,

deciding to give the opinions "minimal weight" but not controlling weight; and properly assessed plaintiff's RFC, including limitations which are supported by substantial evidence in the administrative record. The court will address each allegation of error.

**III. Evaluation of Medical Opinions**

The ALJ summarized RFC questionnaires completed by gastro-enterologists, Drs. Molos and Smith, noted that each doctor had written a recent letter (Dec. 2006) stating that plaintiff's condition had not improved since the questionnaire was completed, and determined that controlling weight could not be given, but "minimal weight" was given those opinions. (R. 20). The ALJ stated the opinions were discounted because (1) the doctors had not provided any rationale to support their assessment, (2) there are no recent treatment notes from Dr. Molos, (3) the doctors did not reference objective medical evidence to support their opinions, and the doctors' opinions are "inconsistent with the state agency medical consultants who cite multiple objective records in support of their assessment." (R. 20).[1]

The ALJ noted that plaintiff's primary care physician, Dr. Baig, had completed an RFC questionnaire in 2004 also. (R. 20).

---

[1]The ALJ did not state specific reasons for discounting Dr. Smith's opinion. He noted however, "The undersigned, for the reasons stated above, gives Dr. Smith's assessment minimal weight as well." (R. 20). The court finds the ALJ discounted the opinions of Drs. Molos and Smith for the same reasons.

The ALJ accorded "minimal weight" to Dr. Baig's RFC assessment, but "far greater weight" to "the objective and clinical findings, diagnostic assessments, and prescribed treatment modalities set forth in [Dr. Baig's] contemporaneous treatment notes of record." (R. 20). He stated his reasons for discounting Dr. Baig's opinion: (1) the sitting limitations ascribed by the doctor are inconsistent with plaintiff's testimony, (2) the doctor gave multiple different limitations regarding plaintiff's capacity for standing, (3) the doctor stated plaintiff experienced abdominal pain daily, but treatment notes completed the same time as the RFC indicate plaintiff reported no abdominal pain that day, (4) the doctor reported abdominal tenderness, but his treatment notes dated the same day reflect a clinical finding of no abdominal tenderness, and (5) the doctor prescribed Methadone, but did not address the inconsistent fact that plaintiff had not taken Methadone for several months. (R. 20).

As plaintiff points out, medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, will be evaluated by the Commissioner in accordance with certain regulatory factors. 20 C.F.R. §§ 404.1527(d), 416.927(d); Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2007). The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion. Watkins v. Barnhart, 350 F.3d 1297,

1300-01 (10th Cir. 2003). The ALJ determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques,'" and whether it is consistent with other substantial evidence in the record. Id. at 1300 (quoting SSR 96-2p). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

SSR 96-2p, cited by the court in Watkins, explains that the term "substantial evidence" as used in determining whether a treating source opinion is worthy of "controlling weight" is given the same meaning as determined by the Supreme Court in Richardson v. Perales, 402 U.S. 389 (1971). SSR 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2007). The Ruling explains that evidence is "substantial evidence" precluding the award of "controlling weight," if it is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Id., SSR 96-2.

If a treating source opinion is not given controlling weight, the inquiry does not end, it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the

treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Serv., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the regulatory factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. And "if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

Plaintiff's argument that the treating physicians' opinions must be given controlling weight is contrary to the regulations and the law of the Tenth Circuit. The threshold for denying controlling weight is low. The ALJ need only find evidence which is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the

conclusion expressed in the [treating source's] medical opinion." SSR 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2007). Here, the state agency medical consultants opined that plaintiff has the RFC to perform a full range of light work. (R. 275-85)(Ex. 3F cited by the ALJ at (R. 44) in deciding to accord "significant weight" to the medical consultants' opinions) (adopted by reference at (R. 21)). The medical consultants' opinion is such relevant evidence as a reasonable mind might accept to support a conclusion contrary to the treating physicians' opinions. Therefore, the medical consultants' opinion is "substantial evidence" inconsistent with the treating physicians' opinions, and the ALJ did not err in deciding not to accord controlling weight to the treating physicians' opinions.

Plaintiff asserts that, contrary to the ALJ's finding that Dr. Molos did not provide rationale to support his opinion, Dr. Molos "referenced that his opinion was based in part on an acute abdominal series performed in March 2004." (Pl. Br. 15)(citing R. 504).[2] As plaintiff asserts, Dr. Molos answered an item on

---

[2]Plaintiff "advances all of the same arguments" with regard to Dr. Molos's opinion and Dr. Smith's opinion. (Pl. Br. 17). As found in the court's earlier remand order, the RFC questionnaires completed by Dr. Molos and Dr. Smith in 2004 "give the appearance to be, and were treated by the ALJ as being identical in all relevant respects." (R. 61). The letters in which Dr. Molos and Dr. Smith opined that plaintiff's condition has not improved since the earlier questionnaires are identical in all relevant respects. (R. 638, 686). As found in footnote 1 above, the ALJ gave identical reasons for discounting the opinions of both Dr. Molos and Dr. Smith. Therefore, the court

his questionnaire which states, "Identify the clinical findings and objective signs." (R. 504). Dr. Molos inserted "acute abdo series: 3/04 - stool throughout the colon." (R. 504). The radiology report dated Mar. 8, 2004, upon which the doctor's statement seems to be based states an "Impression: 1. Moderate amount of retained stool throughout colon. 2. No significant thoracic abnormality." (R. 464). As the ALJ found, Dr. Molos did not provide any rationale to explain the significance of a moderate amount of retained stool throughout the colon or to explain why such a finding supports the limitations opined by the doctor. This is not error in the ALJ's decision.

Plaintiff claims the ALJ erred in relying on the state agency medical consultants' opinions because the consultants cited only to four records in three years; because the consultants' report was made in Jan. 2003, four years before the decision on remand; and because the medical consultants did not have the benefit of hundreds of pages of medical records produced thereafter. The court disagrees. The court found in its remand order that the ALJ properly evaluated the state agency consultants' medical opinions. (R. 75). Plaintiff did not appeal the court's determination of this issue, and it is entitled to preclusive effect. Smith v. Astrue, 507 F. Supp. 2d 1170, 1176 (D. Kan. 2007). Therefore, plaintiff may not attempt

---

considers those physicians' opinions as one in this opinion.

to relitigate the issue, and the court finds the ALJ did not err in according significant weight to the opinions of the state agency medical consultants.

Although plaintiff argues that four years have transpired and hundreds of pages of medical evidence have been produced since the state agency medical consultants provided their opinions, plaintiff does not point to any specific evidence (other than the treating physicians' bare opinions) which is contrary to the consultants' opinions. The ALJ, however, considered the additional evidence which had been produced in the intervening years, and summarized that evidence in his decision. (R. 18-19). He specifically incorporated by reference his discussion of the medical evidence in the prior hearing decision (R. 18)(citing Ex. 3A(R. 29-47)), and noted that Dr. Smith's treatment notes from Aug. 2004 through Dec. 2006 were consistent with the earlier medical evidence. (R. 18). The court has reviewed the evidence presented after remand and finds that it supports the ALJ's finding of consistency. There is no difference between the tenor of the "new" evidence and the earlier evidence, and plaintiff points to no facts in the "new" evidence which would make the consultants' opinions unworthy of consideration because of the passage of time.

With regard to the opinion of each treating physician, Dr. Molos, Dr. Smith, and Dr. Baig, plaintiff claims the ALJ had a

duty to recontact each physician "for clarification as to the basis of his opinion." (Pl. Br. 17, 18). Plaintiff is correct that the regulations encompass a duty of the Commissioner to recontact a treating source "[w]hen the evidence [the agency] receive[s] from [plaintiff's] treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled." 20 C.F.R. §§ 404.1512(e), 416.912(e). However, the agency is not required to recontact a treating source every time a determination is made not to accord full weight to the source's opinion. As the Tenth Circuit has explained, "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty." White, 287 F.3d at 908-09. Where, as here, the ALJ finds he has "adequate" information to reach a decision, he may do so without recontacting the treating source. The fact that he disbelieved the physician's opinion--where he states sufficient reasons for doing so--does not require him to recontact the physician.

In a final argument, plaintiff claims the ALJ erred in failing to analyze the opinions of Drs. Molos, Smith, and Baig in accordance with the six regulatory factors at 20 C.F.R. §§ 404.1527(d) and 416.927(d). However, the court does not insist on a factor-by-factor analysis of the six regulatory

factors for weighing medical opinions so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007)(quoting Watkins, 350 F.3d at 1300). Here, the ALJ discussed the evidence, stated reasons for his findings, and explained how the evidence supports the findings. The ALJ discussed and acknowledged the evidence plaintiff cites in support of her argument that the regulatory factors were not considered. (Pl. Br. 19). The ALJ acknowledged that Drs. Molos and Smith are treating gastro-enterologists (R. 19, 36-37), and that Dr. Baig is plaintiff's primary care physician. (R. 19). The ALJ considered and summarized all of the medical evidence of record. (R. 18-20, 36-40). More is not required. Plaintiff points to no relevant fact which was ignored by the ALJ. The court finds no error in the evaluation of the treating physicians' opinions.

**IV. Residual Functional Capacity Assessment**

Plaintiff notes the ALJ found that plaintiff has a moderate limitation in social functioning and that plaintiff's loss in concentration, persistence, pace, and short-term memory limits him to work that is simple, unskilled, and repetitive. (Pl. Br. 20-21)(citing R. 16, 17, 19). Plaintiff argues that the ALJ

erred because he failed to include in his RFC assessment any “concrete consequences” “directly related to [plaintiff’s] limitation in social functioning,” or “directly related to [plaintiff’s] limitation in concentration, persistence, or pace.” (Pl. Br. 21). Plaintiff suggests that the RFC assessment should have included some limitation in ability to respond appropriately to supervision, co-workers, and usual work situations; and that while a restriction to simple, unskilled, repetitive work may account for plaintiff’s “deficits in memory, it does not describe his remaining deficits.” (Pl. Br. 21). Finally, plaintiff asserts that because the RFC assessment does not include limitations as suggested above, the hypothetical question presented to the vocational expert does not relate with precision plaintiff’s limitations. (Pl. Br. 22).

While plaintiff asserts that the RFC assessment should have included specific limitations on social functioning; and further limitations on concentration, persistence, or pace; he does not suggest any specific additional limitations or point to any specific evidence which demonstrates such limitations. As he did with evidence relating to medical opinions, plaintiff points to no relevant evidence which was ignored in the ALJ’s analysis here. Plaintiff has not shown any evidence or limitations demonstrated by the evidence which should have been included in the RFC assessment. The court will not attempt to make plaintiff’s case

for him. Therefore, the court finds no error in the ALJ's RFC assessment.

**IT IS THEREFORE RECOMMENDED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision of the Commissioner.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 21st day of July 2008, at Wichita, Kansas.

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**